UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SARAH DEANGELIS,<br>individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUTTELL & HAMMER, P.S.,<br>NICHOLAS K. WASSON,<br>BANK OF AMERICA, N.A.,<br><br>Defendants, | )<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff brings suit on behalf of herself and other Massachusetts residents who were subjected to unlawful consumer debt collection activities by Defendants. Plaintiff's claims arise under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Massachusetts Consumer Protection Act, M.G.L. c. 93A.

## PARTIES

1. Plaintiff Sarah DeAngelis is an individual who resides in Walpole, Norfolk County, Massachusetts.

2. Defendant Suttell & Hammer, P.S., is a Washington professional services corporation with a principal place of business at 3000 Northup Way, Bellevue, Washington.

3. Defendant Nicholas K. Wasson is an attorney employed by the Suttell & Hammer law firm with an office address of 3000 Northup Way, Bellevue, Washington.

1

4. Defendant Bank of America, N.A., is a federally chartered banking institution with a principal place of business at 100 North Tryon Street, Charlotte, North Carolina.

## JURISDICTION AND VENUE

5. Certain of Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate Plaintiff's claims arising under state law.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## STATEMENT OF FACTS

7. Suttell & Hammer, P.S. ("Suttell & Hammer") is a law firm that at relevant times regularly collected or attempted to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due another by Massachusetts residents.

8. At relevant times defendant Wasson was an attorney employed by or affiliated with Suttell & Hammer and who regularly collected or attempted to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due another by Massachusetts residents.

9. At relevant times Suttell & Hammer and Wasson (collectively, the "Suttell defendants") were each "debt collectors" under 15 U.S.C. §1692a(6).

10. At relevant times Bank of America (the "Bank") was a "creditor" under 940 CMR 7.03.

11. On December 23, 2020, the Suttell defendants filed a lawsuit against Plaintiff in the Boston Municipal Court on behalf of the Bank. The complaint prepared and filed by the Suttell defendants sought monetary damages allegedly owed to the Bank on a credit card agreement allegedly entered into by Plaintiff in 2016. A true copy of the Boston Municipal Court complaint is appended hereto as exhibit A.

12. The alleged credit card agreement was entered into primarily for personal, family, or household purposes.

13. The alleged debt pursuant to the alleged credit card agreement was incurred primarily for personal, family, or household purposes, otherwise known as a "consumer debt."

14. Count IV of the complaint prepared and filed by the Suttell defendants on behalf of the Bank falsely alleged that Plaintiff had defrauded the Bank by intentionally and knowingly misrepresenting that she would make payments on the credit card account.

15. Count V of the complaint prepared and filed by the Suttell defendants on behalf of the Bank falsely alleged that Plaintiff had committed the tort of conversion by intentionally and wrongfully exercising dominion over monies provided by the Bank.

16. At the time the complaint was filed, none of the Defendants had any information indicating that Plaintiff had engaged in any intentional misconduct in connection with any credit or other benefit obtained from the Bank pursuant to the Agreement.

17. Defendants made the above-referenced allegations in counts IV and V of the complaint for the purpose of harassing, abusing, and intimidating Plaintiff.

18. The Suttell defendants caused a copy of the complaint to be served on Plaintiff.

19. The Suttell defendants engaged in the above conduct as agents for the Bank acting within the scope of their authority.

20. Plaintiff read the complaint.

21. Plaintiff suffered harm by being falsely accused of intentional and arguably criminal misconduct, and by being made to defend legal claims that were frivolous and brought in bad faith.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of herself and classes of persons similarly situated:

    (a) The class in Count I is all persons who, when they resided in Massachusetts and on or after the date that was one year prior to the filing of this action, were served with a complaint filed by one or more of the Suttell defendants, which complaint was based on an alleged consumer credit card debt and that alleged one or both of the unlawful claims described herein.

    (b) The class for purposes of Count II is all persons who, when they resided in Massachusetts and on or after the date that was four years prior to the filing of this action, were served with a complaint filed by one or more of the Suttell defendants on behalf of the Bank, which complaint was based on an alleged consumer credit card debt and alleged one or both of the unlawful claims described herein.

    Excluded from the classes are current and former officers, directors, and employees of Defendants and other persons only to the extent they have released one or more defendants from the claims asserted herein.

23. On information and belief, there are more than fifty class members in each class. Therefore, each class is sufficiently numerous such that joinder would be impracticable.

24. There are issues of law and fact common to each class, which common issues predominate over any issues particular to individual class members. The principal common issues are whether the Suttell defendants are debt collectors under the FDCPA; whether the Suttell defendants violated the FDCPA as alleged; whether Defendants were engaged in trade or commerce in Massachusetts within the scope of M.G.L. c. 93A; § 1; whether Defendants violated M.G.L. c. 93A, § 2, as alleged; whether Defendants' violations of M.G.L. c. 93A were willful or knowing in nature;

and whether Defendants' failures to offer relief in response to Plaintiff's demands were in bad faith with knowledge or reason to know that their conduct violated M.G.L. c. 93A.

25. Plaintiff's claims are typical of the claims of class members. Plaintiff and all class members were all injured by being subjected to consumer debt collection activity that was prohibited by law. All claims are based on the same legal theories, and all claims arise from the same unlawful conduct.

26. Plaintiff will fairly and adequately protect the interests of all class members. Plaintiff is committed to a vigorous and successful prosecution of this action, is familiar with the legal and factual issues involved, and has retained counsel experienced in the litigation of consumer rights cases, including cases involving unfair and/or deceptive debt collection practices. Neither Plaintiff nor counsel have any interest or conflict that might cause them to not vigorously pursue this action.

27. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since: (a) the relief sought by class members is such that the expense and burden of individual litigation would be economically unfeasible; and (b) the prosecution of separate lawsuits by individual class members would entail the risk of inconsistent and conflicting adjudications that could establish conflicting standards of conduct for Defendants; and (c) there will be no unusual or extraordinary management difficulties in administering this case as a class action.

## COUNT I

**(Violations of the Fair Debt Collection Practices Act)**

28. The allegations of all preceding paragraphs are incorporated herein as if fully set forth.

29. The Suttell defendants violated the following provisions of the FDCPA:

   (a) § 1692d, which prohibits engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(b) § 1692e(5), which prohibits action that cannot legally be taken; section 1692e(5), by taking and threatening to take actions that could not legally be taken;

(c) § 1692e(7), which prohibits the false representation or implication that a consumer engaged in conduct in order to disgrace the consumer;

(d) § 1692e(10), which prohibits the use of any false representation or means in attempting to collect a debt; and/or

(e) § 1692f, which prohibits the use of any unfair or unconscionable means to collect or attempt to collect a debt.

30. As described herein, Plaintiff suffered harm by being falsely accused of intentional and arguably criminal misconduct, and by being made to defend legal claims that were frivolous and brought in bad faith. All class members suffered similar harm.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment against the Suttell defendants, jointly and severally:

(a) Awarding statutory damages;
(b) Awarding interest, costs and reasonable attorney's fees;
(c) Awarding such further relief as shall be just and proper.

### COUNT II

### (Violations of M.G.L. c. 93A)

31. The allegations of all preceding paragraphs are incorporated herein as if fully set forth.

32. At relevant times, all defendants were engaged in trade or commerce in Massachusetts within the scope of M.G.L. c. 93A, § 1.

33. The FDCPA violations committed by the Suttell defendants constituted *per se* violations of M.G.L. c. 93A, § 2.

34. All defendants violated 940 C.M.R § 7.07(8), which prohibits the use of any false, deceptive,

or misleading representation, communication, or means in connection with the collection of any debt, hence violated M.G.L. c. 93A, § 2.

35. All defendants violated 940 CMR 7.07(10), which prohibits any false or misleading representation or implication that the debtor committed any crime or other conduct in order to disgrace the debtor, hence violated M.G.L. c. 93A, § 2.

36. All defendants violated M.G.L. c. 93, § 49, which prohibits the collection or attempted collection of a consumer debt in an unfair, deceptive or unreasonable manner, as well as communicating with a debtor in such a manner as to harass or embarrass the debtor, hence violated M.G.L. c. 93A, § 2.

37. Defendants' violations of M.G.L. c. 93A, § 2, were willful and knowing in nature.

38. As described herein, Plaintiff suffered harm by being falsely accused of intentional and arguably criminal misconduct, and by being made to defend legal claims that were frivolous and brought in bad faith. All class members suffered similar harm.

39. Plaintiff, through counsel, sent demands for relief to each defendant pursuant to M.G.L. c. 93, § 9, which demands reasonably described the unlawful acts and practices alleged and injuries suffered.

40. Each defendant received Plaintiff's demand for relief.

41. No defendant made a reasonable written tender of settlement within thirty days of receipt of Plaintiff's demand for relief.

42. Defendants' failures to make timely and reasonable written tenders of settlement in response to Plaintiff's demands were in bad faith with knowledge or reason to know that their conduct violated M. G.L. c. 93A, § 2

    WHEREFORE, Plaintiff prays that this Honorable Court enter judgment against Defendants, jointly and severally:

(a) Awarding statutory damages;
(b) Permanently enjoining Defendants from continuing to engage in the unlawful acts and practices complained of;
(c) Awarding interest, costs and reasonable attorney's fees;
(d) Awarding such further relief as shall be just and proper;

**PLAINTIFF REQUESTS JURY TRIAL.**

**SARAH DEANGELIS**, Plaintiff
By her attorneys:

*/s/Kenneth D. Quat*
BBO#408640
QUAT LAW OFFICES
373 Winch Street
Framingham MA 01701
508-872-1261
ken@quatlaw.com

*/s/Christopher M. Brine*
BBO # 679289
Brine Consumer Law
100 Grove Street, Suite 116
Worcester MA 01605
508-556-1899
cmb@brineconsumerlaw.com